UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
LOCAL 210 PENSION FUND,

                              Plaintiffs,

   -against-

S & S SOAP CO., INC. and ZVI SEBROW d/b/a S & S
SOAP CO., INC.,
                              Defendants.
------------------------------------------------------------X

JUDGE RAMOS

14 CV 6439

COMPLAINT

Plaintiff, Local 210 Pension Fund (herein referred to as the "Fund,") by its attorneys, Raab, Sturm & Ganchrow, LLP, as and for its Complaint against S & S Soap Co., Inc. ("S & S") and Zvi Sebrow d/b/a S & S Soap Co., Inc. ("Sebrow") (jointly referred to as "Defendants"), respectfully alleges as follows:

## NATURE OF ACTION

1.       This is a civil action brought pursuant to Sections 502(a)(3) and 515 of the Employee Retirement Income Security Act, as amended (29 U.S.C. §§ 1132(a)(3), 1145), (hereinafter referred to as "ERISA") and Section 301 of the Labor-Management Relations Act of 1947 (29 U.S.C. § 185) (hereinafter referred to as the "Taft-Hartley Act"), by an employee pension fund for relief under ERISA and for breach of contract to secure performance by an employer of specific statutory and contractual obligations to pay and/or submit the required monetary contributions. This Complaint alleges that by failing, refusing or neglecting to pay and submit the required monetary contributions and/or reports to the Funds when due, Defendants violated the collective bargaining agreement between S & S and International Brotherhood of Teamsters, Local 210 ("Union"), and the respective trust agreements

of the Fund, and ERISA.

## JURISDICTION

2. Jurisdiction of this Court is invoked under the following statutes:

    (a) Section 502(e)(1) and (f) of ERISA (29 U.S.C. § 1132(e)(1) and (f);

    (b) Section 301 of the Taft-Hartley Act (29 U.S.C. Section 185);

    (c) 28 U.S.C. Section 1331 (federal question); and

    (d) 28 U.S.C. Section 1337 (civil actions arising under an Act of Congress regulating commerce).

## VENUE

3. Venue properly lies in this district under Section 502(e)(2) of ERISA (29 U.S.C. § 1132 (e)(2)). Service of process may be made on Defendants in any other district in which they may be found, pursuant to Section 502(e)(2) of ERISA (29 U.S.C. § 1132(6)(2)).

## PARTIES

4. The Fund is a jointly-administered, multi-employer, labor-management trust fund established and maintained pursuant to various collective bargaining agreements in accordance with Section 302(c)(5) of the Taft-Hartley Act (29 U.S.C. § 186(c)(5)). The Fund is an employee benefit plan within the meaning of Sections 3(2), 3(3) and 502(d)(1) of ERISA (29 U.S.C. § 1002(2),(3), and 1132(d)(1)), and a multi-employer plan within the meaning of Sections 3(37) and 515 of ERISA (29 U.S.C. §§ 1002(37) and 1145). The Fund is authorized to maintain suit as independent legal entity under Section 502(d)(1) of ERISA (29 U.S.C. § 1132(d)(1)).

    The purpose of the Fund is to receive contributions from employers who are parties to collective bargaining agreements with the Union, to invest and maintain those monies, and to distribute pensions to those employees eligible to receive them. The Fund maintains its offices and is administered at 60 Broad Street, 37th Floor, New York, New York.

5. The Union is a labor organization within the meaning of Section 301 of the Taft-Hartley Act (29 U.S.C. § 185), which represents employees in an industry affecting commerce as defined in Section 501 of the Taft-Hartley Act (29 U.S.C. § 142) and Section 3(4) of ERISA (29 U.S.C. § 1002(4)). The Union maintains its offices and is administered at 55 Broad Street, New York, New York, in the City, County, and State of New York.

6. A. Upon information and belief, at all times material hereto S & S was a for-profit domestic corporation doing business in the City and State of New York as an employer within the meaning of Sections 3(5) and 515 of ERISA (29 U.S.C. §§ 1002(5) and 1145), and was and is an employer in an industry affecting commerce within the meaning of Section 301 of the Taft-Hartley Act (29 U.S.C. § 185). Further, upon information and belief, S & S is party to a collective bargaining agreement (hereinafter the "Agreement") with the Union wherein, *inter alia*, S & S became obligated to pay and/or submit the required monetary contributions and/or reports to the Fund, pursuant to the Agreement with Union.

  B. Upon information and belief, on or about January 25, 2012, the Secretary of State of the State of New York dissolved the corporate status of S & S, because S & S failed to comply with the procedural requirements to remain a corporation under

New York law.

C. Upon information and belief, at all times material hereto, since on or about January 25, 2012, Sebrow continued to operate under the name of S & S, and he is therefore the alter ego of and/or the successor to S & S.

## BACKGROUND

7. The Fund commenced the present action because the Defendants have simply failed and refused to make the required contributions to the Fund, notwithstanding prior settlements and agreements with S & S and it is believed that absent preliminary injunctive relief, the Defendants will continue to fail and refuse to keep current in their obligations to the respective Funds.

8. The Fund has previously grieved the non-payments by S & S through the grievance procedures of the collective bargaining agreement with the Union. Specifically in February 2012 and August 2013 grievances were filed to compel S& S to pay its arrears owed to the Fund and to thereafter keep current in ongoing monthly contributions owed to the Fund. As will be demonstrated below, Defendants continue to remain delinquent in their monthly contributions owed to the Fund.

## AS AND FOR A FIRST CLAIM FOR RELIEF
### (FUND'S CLAIM FOR BREACH OF CONTRACT BY DEFENDANTS )

9. The Fund repeats and realleges each and every allegation contained in paragraphs 1 through 8 of this complaint, as if fully set forth hereat.

10. As a result of work performed by individual employees of Defendants, pursuant to the Agreement, there became due and owing to Fund from Defendant for the period June 2013 through June 2014 the estimated amount of $7,506.00.

11. To date, the sums described above claimed as owed to and contractually due to the Fund have not been paid by Defendants, although all fringe benefit contributions have been duly demanded and the Fund has been damaged in the amount of $7,506.00.

12. The failure, refusal or neglect of Defendants to make the required contributions to the Fund constitutes a violation of the Agreement between S & S and the Union with respect to which the Fund is a third-party beneficiary.

### AS AND FOR A SECOND CLAIM FOR RELIEF
### (FUND'S CLAIM FOR BREACH OF ERISA
### OBLIGATIONS BY DEFENDANTS )

13. The Fund repeats and realleges each and every allegation contained in paragraphs 1 through 12 of this Complaint, as if fully set forth hereat.

13. Section 515 of ERISA (29 U.S.C. § 1145) requires employers to pay fringe benefit contributions in accordance with the terms and conditions of collective bargaining agreement.

14. Upon information and belief, at all times material hereto, Defendants failed to pay or timely pay and/or submit the required monetary contributions and/or reports to plaintiffs Fund when due. Such failure to make payment or timely payment and/or submit reports constitutes a violation of Section 515 of ERISA (29 U.S.C. § 1145).

15. Section 502 of ERISA (29 U.S.C. § 11132) provides that, upon a finding of an employer violation of Section 515 of ERISA (29 U.S.C. § 1145), the Court shall award to a plaintiff, the unpaid fringe benefit contributions, plus statutory damages and interest on the unpaid principal both computed at the rate provided for under the fund's plan or, if none, as set forth in the United States Internal Revenue Code (29

U.S.C. § 6621), together with reasonable attorneys' fees and costs and disbursements incurred in the action.

16. Accordingly, Defendants are liable to the Fund for the payment and/or submission of the required monetary contributions and/or reports to the Fund as aforesaid, and are liable for the additional amount of said statutory damages, together with reasonable attorneys' fees, interest on the unpaid principal, costs and disbursements incurred in this action, pursuant to Section 502 of ERISA (29 U.S.C. § 1132).

### AS AND FOR A THIRD CLAIM FOR RELIEF
### (FUND'S CLAIM FOR INJUNCTIVE RELIEF
### AGAINST DEFENDANTS)

17. The Funds repeat and reallege each and every allegation contained in paragraphs 1 through 16 of this Complaint, as if fully set forth hereat.

18. Pursuant to the terms and conditions of the Agreement and ERISA, Defendants are required to timely pay fringe benefit contributions and submit reports to the Fund, for so long as Defendants remains obligated to do so pursuant to the Agreement.

19. Upon information and belief, Defendants have failed to timely pay and/or submit fringe benefit contributions to the Fund for the period July 2013 to date. The Fund twice previously grieved the non-payment and late payments to the Fund. Defendants' prior conduct demonstrates a significant likelihood that they will continue to breach the terms of the Agreement.

20. Under ERISA (29 U.S.C. 1132(g)), the Court has the authority to provide, inter alia, injunctive relief in order to carry out the mandates of the statute.

24. The Fund will suffer immediate and irreparable injury unless Defendants, and S & S"s officers, agents, servants and employees are enjoined from failing, refusing or

neglecting to pay and/or submit the required monetary contributions and/or reports to the Fund.

25. Accordingly, the Fund requests this Court to issue an injunction preliminarily and permanently enjoining Defendants, and S & S's officers, agents, servants, employees and all persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise from failing, refusing or neglecting to pay and/or submit the required contributions and/or reports to the Fund when same become due under the terms of the Fund's plan.

**WHEREFORE,** plaintiff Fund demands judgment:

a. against Defendant for payment of all past due contributions found due and owing in the amount of $ 7,506.00 for the period through July 2014.

b. against Defendants for payment of all contributions and interest which become due during prior to the pendency of this action.

c. against Defendants for accrued prejudgment interest on all contributions in accordance with ERISA § 502 (g)(2);

d. against Defendants for statutory damages on all contributions now due and which accrue during the pendency of this action, including liquidated damages, reasonable attorneys' fees and costs and disbursements in accordance with ERISA § 502(g)(2);

e. for an Order permanently enjoining Defendants and S & S's officers, agents, servants, employees and all persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise for so long as they remain obligated to contribute to the Fund, from failing,

refusing or neglecting to pay and/or submit the required monetary contributions in accordance with ERISA and the applicable Agreement;

    f.    for such other and further relief as the Court deems just and proper.

Dated: New York, New York
         August 8, 2014

                                  **RAAB, STURM & GANCHROW, LLP**

                                  By: _____
                                      Ira A. Sturm (IS-2042)
                                    *Attorneys for Plaintiffs Fund*
                                    1250 Broadway, 36th Floor
                                    New York, New York 10017
                                    Tel. 212-683-6699